UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAESON R. SEARS – VESSEL,<br>CHAESON R. SEARS – LIVING MAN,<br><br>Plaintiff,<br><br>v.<br><br>ROCKET MORTGAGE, LLC, et al.,<br><br>Defendants. | No.  2:25-cv-0409 TLN AC PS<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. This matter was referred to the undersigned by E.D. Cal. R. 302(c)(21). Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915 and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

**I.    Screening**

A. Legal Standard

A determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is

1

frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B. The Complaint

Plaintiff's 61-page complaint seeks equitable remedies and damages against defendants for actions concerning real property at 147 Stirling Ct., Stockton, California. ECF No. 1 at 1. Plaintiff alleges that his mortgage has been improperly securitized and serviced based on his research and the findings of a forensic audit expert. Id. at 7. Plaintiff entered into a loan agreement with Rocket Mortgage on March 8, 2024, secured by a promissory note for $341,992.00. Id. at 8. On May 23, 2024, plaintiff sent a notarized Revocation of Power of Attorney, which defendants ignored. Id. On June 20, 2024, plaintiff sent "a Letter of Instruction, an Endorsed Statement, Affidavit that all Accounts are Prepaid, Bill Already Paid document, and a filed copy of IRS 1099A." Id. at 9. Plaintiff alleges that the contents of his affidavit were unrebutted and so the contents stand as truth. Id. On August 16, 2024, plaintiff issued a "Notice of Fault and Dishonor/Opportunity to Cure, an Endorsed Statement, and Notice of Recission, invoking TILA." Id. Plaintiff contends that defendant violated the Truth in Lending Act by continuing collation activities on the loan. Id.

On September 19, 204, plaintiff issued a Notice of Rescission, invoking TILA, but defendant continued collection activities. Id. at 10. On November 14, 2024, plaintiff sent a "Qualifies Written Request to dispute and validate the debt" but defendant continued collection activities. Id. On November 27, 2024, plaintiff sent an "Affidavit of Loan Denial pursuant to the Fair Debt Collection Practice Act" requesting validation and verification of the debt and provision of specific proof of the claim. Id. On November 27, 2024, plaintiff filed a "Qualified Written Request" and "Mortgage Demand Letter" under the Real Estate Settlement Procedures Act, TILA, and the Fair Debt Collection Practice Act for validation of the alleged mortgage debt. Id. Plaintiff alleges that defendant failed to accept his valid payments in violation of UCC § 3-603, and this refusal discharged plaintiff's obligation to pay on the loan. Id. at 11.

The underlying premise of plaintiff's complaint, in addition to his assertion that the securitization of the mortgage loan invalidated the loan, is that his proper payment was refused. Plaintiff contends he "tendered negotiable instruments, including Collateralized Promissory Notes (Bill of Exchange), to ROCKET MORTGATGE, LLC totaling over $1,400,000. These were provided as lawful payment to discharge the alleged mortgage debt." Id. at 28. Plaintiff contends defendants wrongfully failed to accept the tender of payment.

C. Analysis

There are several problems with plaintiff's complaint. First, the 61- page complaint does not contain a "short and plain" statement setting forth plaintiff's entitlement to relief, even though those things are required by Fed. R. Civ. P. 8(a)(1) (3). The allegations in plaintiff's complaint are drafted in a manner that makes it difficult for the courts to tell what the basis for each claim is. There are too many facts and legal conclusions mixed together for the court to determine whether plaintiff can state a legal claim.

Second, there are several legal claims in the complaint that cannot succeed as a matter of law, as they have been repeatedly rejected by courts across the nation. Although plaintiff does not explicitly identify himself as such, the complaint is replete with the "legal-sounding but meaningless" language "commonly used by adherents to the so-called sovereign-citizen movement." Sealey v. Branch Banking & Tr. Co., No. 2:17-cv-785-MHT-SMD, 2019 WL 1434065, at *2, 2019 U.S. Dist. LEXIS 28585 (M.D. Ala. Feb. 21, 2019). For example, plaintiff appears to subscribe to the "strawman" theory that a person's name, when spelled in all capital letters, creates a separate legal entity (e.g., the caption of the complaint at ECF No. 1 at 1), frequently cites to the Uniform Commercial Code, and argues that an "endorsement" or other non-standard, self-generated document is a form of legal tender, a meritless assertion that courts "have easily rejected." Bendeck v. U.S. Bank Nat'l Assn, No. 17-00180 JMS-RLP, 2017 WL 2726692, at *4, 2017 U.S. Dist. LEXIS 97404 (D. Haw. June 23, 2017).

The underlying premise of the complaint is that plaintiff's promissory note to defendant was legal tender that discharged the debt on his mortgage, and that defendant violated the law by not accepting the note and discharging the loan. This legal claim is frivolous and similar claims

4

have been "rejected by countless federal courts." Caetano v. Internal Revenue Serv., No. 1:22-CV-00837-JLT-SAB, 2023 WL 3319158, at *4, 2023 U.S. Dist. LEXIS 81020 (E.D. Cal. May 9, 2023) (collecting cases), report and recommendation adopted, No. 1:22-CV-00837-JLT-SAB, 2023 WL 4087634 (E.D. Cal. June 20, 2023).  Courts are very clear that plaintiff debtors cannot succeed based on the premise that a promissory note or form of non-legal tender is money: "[A] promissory note is a promise to pay a stated amount that does not create money in payment for real property . . . It strains the imagination for plaintiff to suggest that he should have clear title to his home without paying for it.  If he had tried to deposit a promissory note as a check in any financial institution claiming it was cash or an asset worth the value on the face of the note, he would have quickly discovered that the note did not create money out of the ether." Johnson v. Wennes, No. 08-cv-1798-L(JMA), 2009 WL 1228500, at *3, 2009 U.S. Dist. LEXIS 38291 (S.D. Cal. May 5, 2009).

Plaintiff's securitization theories have also been soundly rejected by the courts. "Variations of the securitization theory provide that the mere securitization of a note and/or the separation of the note and mortgage renders the note unenforceable. This court and numerous others have rejected similar claims." Bendeck, 2017 WL 2726692, at *4; see also Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1044 (9th Cir. 2011) (rejecting theory that splitting the deed from the note necessarily creates a situation where no party has the power to foreclose).  Plaintiff's argument that the securitization of his loan was somehow improper or invalidated the loan cannot succeed.

The claims outlined above are plainly frivolous and cannot go forward. but the complaint makes many other allegations of wrongdoing related to the mortgage, including failure to provide proper notice of certain transitions with plaintiff's loan.  ECF No. 1 at 7, 8.  These allegations, however, are mixed in with the frivolous allegations and with improper conclusions of law. Because the 61-page complaint is difficult to decipher, the court cannot tell if plaintiff will be able to state any valid legal claim.  Rather than recommend dismissal of the complaint at this time, the court will give plaintiff an opportunity to file an amended complaint that is not based on any impermissible legal theories.

## II. Amending the Complaint

If plaintiff chooses to amend the complaint, the amended complaint must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading to make plaintiff's amended complaint complete. An amended complaint must be complete without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57

6

1  (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and
2  the involvement of each defendant must be sufficiently alleged.

### III.  Pro Se Plaintiff's Summary

It is not clear that this case can proceed.  The court cannot tell from your complaint what legal harm was done to you because your complaint has too much information in it, and it is not clearly written.  Further, you cannot bring a claim based on the contention that you have paid your mortgage by paying with a promissory note, so any claim you are making based on the argument that defendants should have discharged your mortgage loan when you paid with a promissory note or anything other than money cannot survive.  Additionally, claims based on the fact that your loan was securitized, and that securitization invalidates the loan, cannot survive.  Because the complaint as written does not state a claim upon which relief can be granted, it will not be served on defendants.  Your lawsuit cannot proceed unless you fix the problems with your complaint.

You are being given 30 days to submit an amended complaint that provides a proper basis for federal jurisdiction.  If you submit an amended complaint, it needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted you.  Without this information, the court cannot tell what legal claims you are trying to bring against the defendants.  If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

### IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall have 30 days from the date of this order to file an amended complaint that names defendants who are amenable to suit, and which complies with the instructions

///
///
///
///

7

given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: April 3, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE