UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAESON R. SEARS,<br><br>    Plaintiff,<br><br>    v.<br><br>ROCKET MORTGAGE, LLC AND U.S. BANK NATIONAL ASSOCIATION,<br><br>    Defendants. | No. 2:25-cv-00409-TLN-AC<br><br>**ORDER** |

    This matter is before the Court on Plaintiff Chaeson R. Sears's ("Plaintiff") Motion for a Temporary Restraining Order ("TRO"). (ECF No. 17.) Defendant Rocket Mortgage, LLC ("Rocket")[1] filed an opposition.[2] (ECF Nos. 26.) Plaintiff did not file a timely reply. For the

---

[1]     In opposition, Defendant Rocket Mortgage LLC f/k/a Quicken Loans, LLC states it was erroneously sued as Rocket Mortgage LLC. (ECF No. 26.) For purposes of this order, the Court refers to this Defendant as "Rocket."

[2]     Rocket also requests the Court take judicial notice of (1) the Deed of Trust; and (2) the Corporation Assignment of the Deed of Trust. (ECF No. 27 at 2.) Both documents were recorded in the Official Records of the San Joaquin County Recorder. (*Id.*) The Court GRANTS this request. *See* Fed. R. Evid. 201(b); *Litinetsky v. W. Coast Servicing, Inc.*, No. 2:24-CV-03417-DC-SCR, 2024 WL 5145810, at *1 n.1 (E.D. Cal. Dec. 17, 2024) (similarly taking judicial notice of property grant deed and documents filed with the Placer County Recorder's office).

reasons set forth below, Plaintiff's Motion is DENIED.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, proceeding *pro se*, seeks to enjoin the foreclosure sale of his primary residence — 147 Stirling Ct., Stockton, California 95210 — scheduled for May 8, 2025.  (ECF No. 17 at 3.) Plaintiff initiated this action on January 30, 2025, (ECF No. 1), and alleged in the First Amended Complaint ("FAC") that Defendants Rocket and U.S. Bank National Association ("U.S. Bank") (collectively, "Defendants") failed to provide Plaintiff with information regarding his residential mortgage (ECF No. 14).  According to Plaintiff, his residential mortgage was improperly transferred and securitized into the "GNMA REMIC Trust 2024-060" ("Trust") without timely notice.  (*Id.* at 2.)

Further, Plaintiff alleges the promissory note and mortgage were separated during the securitization and transfer process and Defendants never responded to his Qualified Written Requests.  (*Id.* at 2.)  Specifically, Plaintiff alleges on November 27, 2024, he requested Defendants provide him with the name of the current owner of the loan, a complete servicing history, and documentation related to the chain of title.  (*Id.* at 3.)  Because Defendants never responded, Plaintiff claims he was "unable to determine the rightful creditor, evaluate repayment options, or pursue timely legal remedies."  (*Id.*)  Based on these allegations, Plaintiff makes the following claims: (1) Breach of Fiduciary Duty against U.S. Bank; and (2) Fraudulent Concealment against Defendants.  (*Id.* at 4–5.)

On April 24, 2025, Plaintiff filed the instant TRO.  (ECF No. 17.)  The Court set an expedited briefing schedule and then submitted the TRO.  (ECF No. 18.)

## II.   STANDARD OF LAW

A TRO is an extraordinary remedy.  The purpose of a TRO is to preserve the status quo pending a fuller hearing.  *See* Fed. R. Civ. P. 65.  In general, "[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions." *Aiello v. One West Bank*, No. 2:10-cv-0227-GEB-EFB, 2010 WL 406092, at *1 (E.D. Cal. Jan. 29, 2010) (internal citations omitted); *see also* E.D. Cal. L.R. 231(a).

/ / /

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *see also Costa Mesa City Emps. Ass'n v. City of Costa Mesa*, 209 Cal. App. 4th 298, 305 (2012) ("The purpose of such an order is to preserve the status quo until a final determination following a trial."); *GoTo.com, Inc. v. Walt Disney, Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) ("The status quo ante litem refers not simply to any situation before the filing of a lawsuit, but instead to the last uncontested status which preceded the pending controversy.").

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. A plaintiff must "make a showing on all four prongs" of the Winter test to obtain a preliminary injunction. *All. for the Wild Rockies v. Cottrell (Alliance)*, 632 F.3d 1127, 1135 (9th Cir. 2011). In evaluating a plaintiff's motion for preliminary injunction, a district court may weigh the plaintiff's showings on the Winter elements using a sliding-scale approach. *Id.* A stronger showing on the balance of the hardships may support issuing a preliminary injunction even where the plaintiff shows that there are "serious questions on the merits . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* Simply put, a plaintiff must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply" in the plaintiff's favor in order to succeed in a request for preliminary injunction. *Id.* at 1134–35.

**III.    ANALYSIS**

Eastern District of California Local Rule 231(b) provides that "the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order." Should the Court find such a delay, the Court may deny the requested TRO on those

3

1    grounds alone.  E.D. Cal. L.R. 231(b).

2        Here, Plaintiff filed the instant TRO fourteen days prior to the scheduled foreclosure sale.
3    (ECF No. 17.)  Plaintiff does not argue he received inadequate notice of the sale, nor does he
4    provide any sufficient explanation as to why this last-minute request for relief was necessary.  *See*
5    E.D. Cal. L.R. 231(b).  Instead, without any specificity, Plaintiff states he received notice of the
6    foreclosure sale "[d]espite the ongoing litigation[.]"  (ECF No. 17 at 5.)

7        In opposition, Rocket argues Plaintiff has known about the pending foreclosure sale for at
8    least four months and "any claim of exigency" is the result of Plaintiff's inaction.  (ECF No. 26 at
9    2.)  The Court agrees.  As evidenced through the Notice of Default that was recorded with the San
10   Joaquin County Recorder on December 26, 2024, (ECF No. 24 at 28–30), and Plaintiff's own
11   Complaint filed on January 30, 2025, seeking to bar any pending foreclosure sale, (ECF No. 1 at
12   25), Plaintiff could have avoided seeking last-minute relief by filing a motion for a preliminary
13   injunction.  *See* E.D. Cal. L.R. 230(b); *Sewell v. Franklin Credit Mgmt. Corp.*, No. 2:24-CV-
14   1788-TLN-DB, 2024 WL 3203328, at *2 (E.D. Cal. June 27, 2024) (noting Plaintiff likely had
15   constructive notice of the foreclosure sale for months prior).  Moreover, as shown through the
16   Notice of Trustee's Sale ("Notice") that was recorded with the San Joaquin County Recorder on
17   March 28, 2025, (ECF No. 33 at 35), Plaintiff arguably had constructive notice that the sale was
18   taking place on May 8, 2025, for more than a month prior to the date he filed the instant TRO.

19       Plaintiff's delay in filing the instant TRO created an emergency that led to an expedited
20   briefing schedule thereby depriving Defendants of an adequate time to respond.  (ECF No. 18.)
21   The Court finds this inexcusable delay discredits the allegation of irreparable harm if the
22   foreclosure sale were to take place.  *See Litinetsky*, 2024 WL 5145810, at *4 (E.D. Cal. Dec. 17,
23   2024).  Given this, the Court need not consider the remaining *Winters* factors.  *See Avila v.*
24   *NewRez LLC*, No. 2:24-CV-02264-TLN-CSK, 2024 WL 4382752, at *3 (E.D. Cal. Oct. 3, 2024),
25   *appeal dismissed*, No. 25-49, 2025 WL 1008556 (9th Cir. Mar. 3, 2025) (finding similarly).

26       In sum, due to Plaintiff's undue delay in seeking injunctive relief without adequate
27   explanation, the Court exercises its discretion under Local Rule 231(b) and DENIES Plaintiff's
28   Motion for a TRO.  *See Wilkinson v. PHH Mortg. Corp.*, No. 2:24-CV-01416-TLN-AC, 2024

4

WL 2330542, at *3 (E.D. Cal. May 22, 2024) (collecting cases).

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for a TRO, (ECF No. 17), is DENIED.

IT IS SO ORDERED.

Date: May 5, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

5