UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAESOM R. SEARS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROCKET MORTGAGE, LLC, et al.,<br><br>　　　　　Defendants. | No.  2:25-cv-0409 TLN AC PS<br><br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21).  This case was commenced on January 30, 2025, and the operative First Amended Complaint was filed on April 11, 2025.  ECF Nos. 1, 14.  On March 28, 2025, defendant U.S. Bank filed an ex parte request for an extension of time (ECF No. 6), which the court GRANTS *nunc pro tunc*.  On April 11, 2025, plaintiff made a motion to record a notice of pendency of action.  ECF No. 15.  This is not a cognizable motion, and the motion is therefore DENIED.[1]

　　　　On April 29, 2025, defendant U.S. Bank moved to dismiss.  ECF No. 19.  Plaintiff opposed the motion.  ECF No. 28.  The same day, defendant Rocket Mortgage LLC separately moved to dismiss.  ECF No. 23.  Plaintiff opposed the motion.  ECF No. 29.  The motions were

---

[1] Cal. Civ. Proc. Code § 405.20 explains when and how a party may record a notice of pendency of action; this statute does not contemplate court involvement in the recording process.

1  submitted for hearing on the papers. ECF No. 30. For the reasons set forth below, the court
2  recommends the motion brought by defendant U.S. Bank (ECF No. 19) be GRANTED in full and
3  that U.S. Bank be dismissed from this case. The court recommends that the motion brought by
4  Rocket Mortgage (ECF No. 23) be GRANTED in part and DENIED in part. The motion should
5  be granted as to all claims except plaintiff's RESPA claim against Rocket Mortgage.

**I. Background**

6
7  A. The First Amended Complaint
8  Plaintiff brings this action against Rocket Mortgage LLC and U.S. Bank National
9  Association for violations of federal law and related state claims arising out of plaintiff's
10 mortgage loan, which was originated on March 8, 2024, and which plaintiff alleges was
11 improperly transferred and securitized without notice. ECF No. 14 at 2. According to the
12 operative First Amended Complaint, plaintiff submitted multiple Qualified Written Requests
13 under the Real Estate Settlement Procedures Act (RESPA) to obtain information about the loan
14 transfer and servicing, but did not receive a response. Id. Plaintiff brings claims for violation of
15 RESPA, the Truth in Lending Act (TILA), Breach of Fiduciary Duty, Fraudulent Concealment,
16 and Unjust Enrichment. Id. at 3. Plaintiff asserts that the promissory note and mortgage "may
17 have been separated during the securitization and transfer process" in violation of the law. Id.
18 Plaintiff attaches to his First Amended Complaint a copy of the "Qualified Written Request," but
19 the attachment does not indicate to whom the request was sent or when it was sent. ECF No. 14
20 at 7.
21 B. Judicial Notice
22 Defendant Rocket Mortgage asks the court take judicial notice of the following documents
23 which are submitted as exhibits in support of their motion: (A) Grant Deed recorded August 1,
24 2017, Instrument Number 2017-087054; (B) Deed of Trust, recorded March 13, 2024, Instrument
25 Number 2024-021265; (C) Corporation Assignment of Deed of Trust recorded on October 10,
26 2024, Instrument Number 2024-096359; (D) Substitution of Trustee recorded December 27,
27 2024, Instrument Number 2024-117487; (E) Notice of Default and Election to Sell under Deed of
28 Trust, recorded December 27, 2024, Instrument Number 2024-117488; and (F) Notice of

Trustee's Sale recoded March 31, 2025, Instrument Number 2025-0226236. ECF No. 24 at 2-3.

The court takes judicial notice of the above referenced documents because they are public records. "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The existence and contents of these publicly recorded documents can be accurately and readily determined, and judicial notice is appropriate.

The judicially noticeable documents establish the following chain of events. Plaintiff acquired the Subject Property on or about July 26, 2017, as evidenced by Grant Deed dated July 26, 2017. Request for Judicial Notice ("RJN") Ex. A. On or about March 8, 2024, plaintiff executed a Deed of Trust securing a loan from Rocket against the Subject Property. RJN Ex. B. The Deed of Trust was recorded in the Official Records of San Joaquin County on March 13, 2024. Id. The Deed of Trust identifies Rocket as the lender, Heather Lovier as the trustee, and Mortgage Electronic Registration Systems ("MERS") as beneficiary, as nominee for Rocket, its successors and assigns. Id. Section 22 of the Deed of Trust provides that the Lender retains the right to invoke the power of sale and to direct the trustee to initiate foreclosure in the event of default. Id. It also states that the Note could be sold one or more times without prior notice to Plaintiff. Id. at Section 19.

On or about October 8, 2024, the beneficial interest under the Deed of Trust was assigned from MERS to Rocket in a Corporation Assignment of Deed of Trust that was recorded on October 10, 2024. RJN Ex. C. On or about December 17, 2024, Rocket substituted National Default Servicing Corporation as the trustee under the Deed of Trust in a Substitution of Trustee that was recorded on December 27, 2024 in the Official Records of San Joaquin County. RJN Exhibit D. On the same date, December 27, 2025, a Notice of Default and Election to Sell Under Deed of Trust ("NOD") was recorded against the Subject Property in the Official Records of San Joaquin County. RJN Ex. E. The NOD also indicates that as of December 26, 2024, the amount

of default on the mortgage payments was $19,908.58.  Id.

As the mortgage payment default persisted, a Notice of Trustee's Sale ("NOS") was recorded against the Subject Property on March 31, 2025 in the Official Records of San Joaquin County.  RJN Ex. F.  The NOS states that a trustee's sale was set for May 8, 2025 and that the unpaid principal balance at the time was $367,208.09.  Id.

## II. Analysis

### A. Legal Standards Governing Motions to Dismiss

Plaintiffs must assist the court and defendant by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief;" Fed. R. Civ. P. 8(a)(2), though it need not include "detailed factual allegations," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Still, "sufficient factual matter" must make the claim at least plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Conclusory or formulaic recitations of elements do not alone suffice.  Id. (citing Twombly, 550 U.S. at 555).

In accordance with Fed. R. Civ. P. 8(a), complaints must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

"The purpose of a motion to dismiss under rule 12(b)(6) is to test the legal sufficiency of the complaint."  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).  To survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  It is insufficient for the pleading to contain a statement of

4

facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

////

B. Plaintiff Does Not State a TILA Claim

5

TILA section 131(g), codified at 15 U.S.C. § 1641(g), provides that if "a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer" within thirty days. To state a claim under TILA, a plaintiff must allege "when [his] loan was transferred" *and* that he detrimentally relied "upon an inaccurate or incomplete disclosure." Derusseau v. Bank of Am., N.A., 2012 U.S. Dist. LEXIS 42901, *11, 2012 WL 1059928 (S.D. Cal., March 28, 2012). In Derusseau, the court dismissed a TILA claim that was based on an allegation that the defendants transferred plaintiff's loan into a trust and failed to provide her with notice of the transfer under TILA. Id. The court reasoned that dismissal was necessary because the plaintiff failed to allege when the loan was transferred or that she detrimentally relied on the information. Id.

As in Derusseau, plaintiff speculates that his loan was transferred and securitized into a trust but fails to allege when that securitization occurred. See ECF No. 14. Even if plaintiff alleged that he was unaware of when his loan was transferred because he did not receive sufficient notice, that would not save his claim. Derusseau, 2012 WL 1059928, at *4 (plaintiff must allege why she believes that defendant attempted to securitize her loan; relying on lack of notice alone amounts to "pure conjecture"). Further, and critically, the element of detrimental reliance is absent from plaintiff's complaint; allegations that "are so generalized they amount to no more than a laundry list of typical grievances raised in this type of foreclosure-related action" are insufficient to show detrimental reliance. Id. Finally, the judicially noticeable documents discussed above indicate that plaintiff's loan was never actually transferred or securitized. Accordingly, plaintiff's TILA claim must be dismissed as to all defendants for failure to state a claim upon which relief can be granted.[2]

---

[2] Although Rocket Mortgage did not argue this basis for dismissal in its own motion to dismiss, a court may dismiss claims against a non-moving defendant when the non-moving defendant is similarly situated to the moving defendant. Silverton v. Department of Treasury of U. S. of America, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related."). Here, Rocket Mortgage did move to dismiss this claim on unpersuasive grounds, but the grounds for dismissal raised by U.S. Bank are equally applicable as to the TILA claim against Rocket Mortgage, and therefore in the interest of justice and judicial economy, the

C. <u>Plaintiff Does Not State a RESPA Claim as to U.S. Bank</u>

Plaintiff alleges that defendants violated RESPA because they failed to provide a response to the Qualified Written Requests he sent in 2024. ECF No. 14 at 2, 5. In order to require a response under RESPA, the request must be sent to and received by a servicer. <u>Medrano v. Flagstar Bank, FSB</u>, 704 F.3d 661, 663 (9th Cir. 2012). Plaintiff doesn't allege that U.S. Bank is or was the servicer of his mortgage loan as required under RESPA, and the documents subject to judicial notice demonstrate that U.S. Bank was not, at any point, the servicer of plaintiff's loan. <u>Id.</u> The RESPA claim against U.S. Bank must accordingly be dismissed.

The court notes that, although the initial complaint has been superseded by the operative First Amended Complaint, plaintiff did attach a copy of his actual Qualified Written Request to the initial complaint, which shows the request was sent to Rocket Mortgage on November 27, 2024. ECF No. 1 at 43-61. Defendant Rocket Mortgage moves to dismiss the RESPA claim against it *only* on the grounds that the claim did not specifically reference Rocket Mortgage (instead referring only to "defendants"), and it is therefore unclear whether the RESPA claim is alleged against Rocket Mortgage. This argument is not persuasive. There are two defendants in this case, and with reference to the RESPA claim plaintiff repeatedly uses the plural term "defendants," indicating that the claim is asserted against both U.S. Bank and Rocket Mortgage. ECF No. 14 at 2, 3. Though the drafting may lack perfect clarity, it is certainly sufficient. Accordingly, the court should decline to dismiss the RESPA claim as to Rocket Mortgage.

D. <u>Plaintiff Cannot State a Claim for Breach of Fiduciary Duty</u>

Plaintiff asserts the Breach of Fiduciary claim only against U.S. Bank. ECF No. 14 at 7. "[T]o plead a cause of action for breach of fiduciary duty, there must be shown the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach. The absence of any one of these elements is fatal to the cause of action." <u>Pierce v. Lyman</u>, 1 Cal.App.4th 1093, 1101, 3 Cal.Rptr.2d 236 (1991). Plaintiff has not alleged a fiduciary relationship with U.S. Bank; indeed, it does not appear that there is any relationship between U.S. Bank and the plaintiff.

---

claim should be dismissed as to both defendants.

7

Plaintiff's fiduciary duty claim is based on the premise that his loan was transferred and securitized into the GNMA 2024-060 Trust. However, the recorded documents demonstrate that this theory is unsupportable; the loan was not transferred into that trust. Further, it is well settled in California law that absent special circumstances, mortgage lenders, nominees for the lenders, and loan servicers do not owe a fiduciary duty to borrowers. Pedersen v. Greenpoint Mortg. Funding, Inc,. 2:11-c-v-0642 KJM, 2011 WL 3818560, at *10, 2011 U.S. Dist. LEXIS 96397, (E.D. Cal., Aug. 29, 2011). Further, plaintiff does not allege he is a beneficiary of the GNMA Trust, and even if his loan had been transferred into the Trust, it would not create a fiduciary relationship under California law. See Monterey S.P. Partnership v. W.L. Bangham, 49 Cal. 3d 454, 462–463 (1989) ("The similarities between a trustee of an express trust and a trustee under a deed of trust end with the name .... the trustee under a deed of trust does not have a true trustee's interest in, and control over, the trust property. Nor is it bound by the fiduciary duties that characterize a true trustee.") Plaintiff fails to establish any plausible argument that U.S. Bank owed him any kind of fiduciary duty. Accordingly, this claim must be dismissed.

### E. Plaintiff Cannot State a Claim for Fraudulent Concealment

Plaintiff brings a fraudulent concealment claim against both defendants alleging that they concealed material facts concerning the securitization of his loan, specifically transfer into the GNMA REMIC Trust without written disclosure. ECF No. 14 at 5. To plead fraudulent concealment, a plaintiff must plausibly allege (1) concealment or suppression of a material fact; (2) by a defendant with a duty to disclose the fact; (3) the defendant intended to defraud the plaintiff by intentionally concealing or suppressing the fact; (4) the plaintiff was unaware of the fact and would have acted differently if the concealed or suppressed fact was known; and (5) plaintiff sustained damage as a result of the concealment or suppression of the material fact. Rattagan v. Uber Techs., Inc., 17 Cal. 5th 1, 40 (2024). Fraud claims are subject to a heightened pleading standard and require a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Here, plaintiff fails to show that a material fact was not disclosed, because the judicially noticeable documents demonstrate his loan was not transferred into the GNMA Trust. Further,

8

1    plaintiff has not pled any facts that indicate defendants had a duty to disclose a material fact that
2    was not disclosed or that they acted with the intent to defraud plaintiff.  See Rattagan, 17 Cal. 5th
3    at 40 (noting the requirement that a plaintiff must owe a duty to disclose the allegedly concealed
4    fact).  This claim must accordingly be dismissed as to both defendants.

   F.  Plaintiff Cannot State a Claim for Unjust Enrichment

Plaintiff lists an unjust enrichment claim but does not indicate which defendant this claim is asserted against or explain the basis for the claim.  ECF No. 14 at 3.  The elements of an unjust enrichment claim are "'receipt of a benefit and [the] unjust retention of the benefit at the expense of another.'"  Peterson v. Cellco Partnership, 164 Cal.App.4th 1583, 1593 (2008) (quoting Lectrodryer v. SeoulBank, 77 Cal.App.4th 723, 726 (2000)).  It is not an independent cause of action, but rather is pled as part of a quasi-contract claim "in order to avoid unjustly conferring a benefit upon a defendant where there is no valid contract."  Ram v. Wachovia Mortg., FSB, 2011 WL 1135285, at *9, 2011 U.S. Dist. LEXIS 32392 (E.D. Cal., Mar.25, 2011).  Because there is no independent unjust enrichment claim in California, this claim must be dismissed.  Durell v. Sharp Healthcare, 183 Cal. App. 4th 1350, 1370 (2010) ("There is no cause of action in California for unjust enrichment.")

### III.  Conclusion

It is hereby ORDERED that defendant U.S. Bank's motion for an extension of time (ECF No. 6) is GRANTED and that plaintiff's Motion to Record (ECF No. 15) is DENIED.

The undersigned RECOMMENDS that U.S. Bank's motion to dismiss (ECF No. 19) be GRANTED in full and that U.S. Bank be dismissed from this case.

Further, it is RECOMMENDED that Rocket Mortgage's motion to dismiss (ECF No. 23) be GRANTED in part and DENIED in part such that only the RESPA claim remains pending against Rocket Mortgage.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a

1 | document should be captioned "Objections to Magistrate Judge's Findings and
2 | Recommendations."  Failure to file objections within the specified time may waive the right to
3 | appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez
4 | v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).
5 | DATED: June 24, 2025

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE