UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAESOM R. SEARS,<br><br>        Plaintiff,<br><br>    v.<br><br>ROCKET MORTGAGE, LLC, et al.,<br><br>        Defendants. | No. 2:25-cv-0409 TLN AC PS<br><br>**ORDER** |

    Plaintiff Chaeson R. Sears ("Plaintiff") is proceeding in this action in pro per. The matter was referred to a United States Magistrate Judge pursuant to Local Rule 302(c)(21).

    On June 25, 2025, the magistrate judge filed findings and recommendations which were served on all parties and which contained notice that any objections to the findings and recommendations were to be filed within twenty-one (21) days. (ECF No. 34.) Plaintiff timely filed objections. (ECF No. 35.)

    In opposition, Plaintiff argues the Court should decline to adopt the magistrate judge's recommendation to dismiss his Truth in Lending Act ("TILA") and unjust enrichment claims, or in the alternative, grant with leave to amend. (*Id.* at 1.) As for his TILA's claim, Plaintiff contends he can clarify that he never received written notice identifying the new creditor or assignee of the loan, and further that he was harmed as a direct result of the nondisclosure. (*Id.* at 2.) As for the unjust enrichment claim, Plaintiff maintains such a claim is "commonly pled." (*Id.*

1

at 2–3.)

The Court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court[.]"). Having reviewed the file, including Plaintiff's objections, the Court finds the findings and recommendations to be supported by the record. However, in light of Plaintiff's representations regarding his TILA claim, the Court clarifies this claim is dismissed with leave to amend. As for Plaintiff's unjust enrichment claim, Plaintiff provides no caselaw demonstrating such a claim is viable. As such, the unjust enrichment claim is dismissed without leave to amend.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 25, 2025, (ECF No. 34), are ADOPTED as modified above;
2. U.S. Bank's motion to dismiss, (ECF No. 19), is GRANTED with leave to amend only to the TILA claim; and
3. Rocket Mortgage's motion to dismiss, (ECF No. 23), is GRANTED in part and DENIED in part such that only the RESPA claim remains pending against Rocket Mortgage. Plaintiff may amend his TILA claim against Rocket Mortgage.
4. Plaintiff may file an amended complaint no later than thirty (30) days after the electronic filing date of this Order. If Plaintiff files an amended complaint, Defendants shall file any responsive pleading no later than twenty-one (21) days from the filing date of the amended complaint. If Plaintiff opts not to file an amended complaint, this action will proceed only on the RESPA claim against Rocket Mortgage.

DATED: September 26, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE